IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PATRICK REYNOLD WELCH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-306 |
| | ) | |
| RICHMOND COUNTY SHERIFF OFFICE; | ) | |
| EUGENE BRANTLEY; DEPUTY | ) | |
| MATTHEW COWDREY; DEPUTY CURTIS | ) | |
| HOSKINS; and CORPORAL DEPUTY ERIC | ) | |
| VERNOR, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER AND REPORT AND RECOMMENDATION**

_____

Plaintiff, detained at Charles B. Webster Detention Center in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). The Court screened Plaintiff's Complaint on March 17, 2026, and directed him to file an amended complaint. (Doc. no. 9.) Plaintiff has filed his amended complaint which the Court now screens. (Doc. no. 10.)

I.      **Screening the Complaint**

     A.      **Background**

Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). Plaintiff names as defendants Deputy Matthew Cowdrey, Deputy Curtis Hoskins, and Deputy Eric Vernor. Taking all of

Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 3, 2025, Defendant Cowdrey stopped Plaintiff in the parking lot of a Red Roof Inn on suspicion of jaywalking. (Doc. no. 10, p. 12.) Defendant Cowdrey ordered Plaintiff to the other side of his K-9 patrol. (Id.) Plaintiff attempted to end the encounter with Defendant Cowdrey and, in fear of his life, ran. (Id.) Defendant Cowdrey chased Plaintiff on foot and tased him twice while in pursuit. (Id.) Defendant Cowdrey seized Plaintiff, and Defendant Curtis and Defendant Varner arrived on the scene. (Id. at 13.) Defendants struggled to detain Plaintiff. (Id.) While Plaintiff was handcuffed, Defendants Hoskins and Cowdrey kicked him, and Defendant Varner tased him three or four times in his chest. (Id.) Thereafter, Defendant Hoskins pulled Plaintiff's underwear down and touched his penis while Plaintiff still had the prongs from the taser inside of him and while the remaining two defendants held him down. (Id.) A second defendant (although Plaintiff cannot name who) pulled Plaintiff's pants down a second time. (Id.) Plaintiff was then thrown in the backseat of Defendant Hoskin's car on top of a tire. (Id. at 14.)

EMS arrived at the scene and Plaintiff was removed from Defendant Hoskins' patrol car wearing nothing but his underwear. (Doc. no. 10, p. 15.) Defendant Hoskins told EMS Plaintiff would receive medical treatment once he arrived at the jail. (Id.) Plaintiff never received any medical attention, and Defendant Cowdrey took him to jail in his underwear. (Id.) Plaintiff brings claims for false arrest, malicious prosecution, and unreasonable search and seizure in violation of the Fourth Amendment. (Id. at 14-15.) He seeks ten million dollars in punitive damages. (Id. at 5.)

2

**B.    Discussion**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.      Defendants Richmond County Sheriff's Office and Sheriff Brantley**

Plaintiff previously brought claims against the Richmond County Sheriff's Office and Sheriff Brantly. (Doc. no. 1.) The Court explained Richmond County Sheriff's Office was not a proper party because sheriff's departments are not legal entities capable of being sued. See Herrington v. Effingham Cnty. Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr, 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) and collected cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Cnty. Sheriff's Office, Civil Action No. 1:09-CV-2820-TWT, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same); (doc. no. 9). Likewise, aside from naming him in the caption of the complaint, Plaintiff alleged no wrongful acts or omissions by Sheriff Brantley that would subject him to liability. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleading he filed.  See Hoefling v. City of Miami, 811 F.3d 1277, (11th Cir. 2016).  However, Plaintiff's amended complaint has neither rectified the errors listed above nor renamed the Sheriff's Office or Sheriff Brantley in his amended complaint.   Dismissal of these two defendants is therefore appropriate.  See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); see also West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or law of United States by person acting under color of state law).  As a result, the Court **RECOMMENDS** the dismissal of all claims against Richmond County Sheriff's Office and Sheriff Brantley.

### 3.    Defendants Cowdrey, Hoskins, and Vernor

#### a.    False Arrest Claim

Plaintiff's allegations touch on claims for false arrest and malicious prosecution, (see doc. no. 10, p. 14 (stating Defendant Cowdrey "lacked reasonable articulable suspicion to detain Mr. Welch in the first instance.")).  However, those claims fail.  Both "false arrest" and "malicious prosecution" are recognized claims under 42 U.S.C. § 1983, for distinct violations of the Fourth Amendment.  See, e.g., Williams v. Aguirre, 965 F.3d 1147, 1157-58 (11th Cir. 2020) (discussing distinct theories of "false arrest" and "malicious prosecution," under § 1983).  "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 549 U.S. 384, 388 (2007).  "[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest." Hesed-El v. McCord, 829 F. App'x 469, 472 (11th Cir. 2020).   The conclusory allegation Plaintiff's stop for

jaywalking lacked probable cause is insufficient to support any false arrest claim. As a result, the Court **RECOMMENDS** any false arrest claims be **DISMISSED**.

### b.    Malicious Prosecution

In order to establish a § 1983 malicious prosecution claim, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); see also Williams, 965 F.3d at 1157 ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment."). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Paez, 915 F.3d at 1285 (citation omitted). A malicious prosecution claim does not accrue until the favorable termination occurs. See, e.g., Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). The lack of any allegation that any proceeding has terminated in Welch's favor is fatal to any malicious prosecution claim. As a result, the Court **RECOMMENDS** any malicious prosecution claims be **DISMISSED**.

### c.    Excessive Force

To allege excessive force by an officer in the course of executing an arrest, a plaintiff must assert the officer's conduct was objectively "unreasonable." Graham v. Connor, 490 U.S. 386, 395-97 (1989). Such a test looks not to the motivation of the particular officer, but instead examines whether a reasonable officer would have taken the same action under the circumstances. Id. at 397. "Determining whether the force used to effect a particular seizure

6

is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (quotes and cites omitted).

Because "[t]he test of reasonableness under the Fourth Amendment is not capable of a precise definition or mechanical application," . . . its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Id. (citations omitted). The Court examines "the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balance[es] the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." McCullough v. Antolini, 559 F.3d 1201, 1206 (11th Cir. 2009) (citing Scott v. Harris, 550 U.S. 372, 383 (2007)). "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably proportionate to the need for force." Smith v. LePage, 834 F.3d 1285, 1294 (11th Cir. 2016); see also Scott, 550 U.S. at 383 (observing that in determining whether the Fourth Amendment was violated, "we must still slosh our way through the factbound morass of 'reasonableness.'").

Generally speaking, there is a robust consensus that a reasonable officer would know committing a sexual assault constitutes a violation either of the Fourth or Fourteenth Amendments, depending on the context (i.e., an arrest, detention, or other encounter). See, e.g., Hess v. Garcia, 72 F.4th 753, 763 (7th Cir. 2023) ("Not all touches by officers rise to the level of seizures under the Fourth Amendment, of course, but sexual assaults do."); id. at 764 ("Substantive due process under the Fourteenth Amendment still protects people from

7

unconstitutional conduct committed under color of law when neither a search nor seizure occurs."); Tyson v. Sabine, 42 F.4th 508, 520 (5th Cir. 2022) ("It is obvious that the right to bodily integrity forbids a law enforcement officer from sexually abusing a person by coercing them to perform nonconsensual physical sex acts for his enjoyment." ); Shepherd v. Robbins, 55 F.4th 810, 817, 820 (10th Cir. 2022) (holding an officer who pulled over a female only to "flirt with her" and "further his own sexual gratification" violated her clearly established right to be free from sex discrimination under the Equal Protection Clause of the Fourteenth Amendment); Fontana v. Haskin, 262 F.3d 871, 878 (9th Cir. 2001) (explaining that the Fourth Amendment protects an arrestee from "unreasonable seizure and intrusion on [her] bodily integrity" (cited with approval by Hicks v. Moore, 422 F.3d 1246, 1253–54 (11th Cir. 2005))). Here, Welch alleges while he initially ran from officers, Defendant Varner tased him multiple times, Defendants Hoskins and Cowdrey kicked him while restrained, Defendant Hoskins pulled down his underwear and touched his penis while Defendants Varner and Cowdrey held him down.  He concludes that he was slammed into the back of a vehicle on top of a tire.  This is enough at this stage to state a claim for excessive force.

Since the Court approves for service Welch's excessive force claims upon Defendants, a copy of Plaintiff's Complaint, doc. 10, and a copy of this Order shall be served upon defendants by the United States Marshal without prepayment of cost.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon Plaintiff.  The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## II.   INSTRUCTIONS

**IT IS HEREBY ORDERED** service of process shall be effected on Defendants Cowdrey, Hoskins, and Vernor.  The United States Marshal shall mail a copy of the amended complaint, (doc. no. 10), and this Order by first-class mail and request that Defendants waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver.  Fed. R. Civ. P.  4(d)(3).  However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case.  Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendants Cowdrey, Hoskins, and Vernor to effect service.

Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  There is no longer any need for a *pro se* Plaintiff to serve copies of court filings on other parties to the case because the Clerk of Court uploads the original filing to the case docket and all represented parties receive electronic notice of the filing and an electronic copy of the filing.  For all case-related documents not filed with the Court, such as discovery requests and responses, a *pro se* Plaintiff must continue to serve copies on all parties by U.S. Mail and attach a certificate of service.  See Fed. R. Civ. P. 5; Loc. R. 5.1.  Likewise, a *pro se* Plaintiff must serve any *pro se* Defendant by U.S. Mail and attach a certificate of service.

Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a

motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Loc. R. 26.5.

Plaintiff must maintain a set of records for the case.  If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Loc. R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion.  Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any factual assertions made in the

defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

**While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address.  Failure to do so will result in dismissal of this case.**

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that all claims against Richmond County Sheriff Office and Eugene Brantley be dismissed.  The Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for malicious prosecution and false arrest against Defendants Cowdrey, Hoskins, and Vernor also be dismissed.  Plaintiff's claims against Defendants Cowdrey, Hoskins, and Vernor for excessive force during the course of his arrest shall proceed and are approved for service.  Accordingly, the Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon Defendants Cowdrey, Hoskins, and Vernor.

SO ORDERED and REPORTED AND RECOMMENDED this 22nd day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

12